UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NATIONAL INTERSTATE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff | )<br>) |
| v. | ) NO.<br>) |
| NOVA CASUALTY COMPANY, | )<br>) |
| Defendant | )<br>)<br>) |

## COMPLAINT

Plaintiff National Interstate Insurance Company ("NIIC"), by counsel, states as follows for its Complaint against Nova Casualty Company ("Nova").

### JURISDICTION AND VENUE

1. This is an action for declaratory judgment, pursuant to 28 U.S.C. §2201(a), and for breach of contract.

2. NIIC is a corporation incorporated under the laws of Ohio with its principal place of business in Ohio.

3. Nova is a corporation incorporated under the laws of New York and with its principal place of business in New York.

4. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. §1332.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) and (3) because this dispute between insurance companies concerns the priority of coverage afforded under commercial auto policies delivered to policyholders located in Madison, Tennessee and

Lebanon, Tennessee arising from an underlying automobile accident involving the use of a vehicle registered in Tennessee.

## FACTS

6. This action arises from an August 11, 2011 automobile accident (the "Accident") in Illinois involving the use of model Prevost Bus, VIN 2PCW33491Y1026991 ("the Bus")

7. Prior to the Accident, Pioneer Coach, Inc. ("Pioneer") leased the Bus from the owner.

8. On or about March 18, 2011, Pioneer subleased the Bus to Four Seasons Coach Leasing, Inc. ("Four Seasons") for the term from July 15, 2011 through September 5, 2011 (the "Sublease"). A true copy of the Sublease is attached hereto as Exhibit A. The Sublease provides, in relevant part, that "[s]ubleased equipment Operator or Owner shall become primary Operator and shall be responsible for compliance with all State and Federal Laws/DOT/Insurance and Safe operation of Subleased equipment."

9. Four Seasons drafted the Sublease.

10. On information and belief, Four Seasons entered into a Sub-Sublease of the Bus with Miranda Rolls, Inc. A true copy of "Four Seasons Coach Leasing Inc. Vehicle Lease Agreement" is attached hereto as Exhibit B.

11. At the time of the August 11, 2011 Accident, the Bus was in possession of Four Seasons or its sublessee, and was being operated by Rodney D. McClure ("McClure"), who was subject to the direction and control of Four Seasons or its sublessee.

- 2 -

12. Multiple persons sustained injuries in the Accident, and filed lawsuits against various parties including Pioneer and McClure (the "Underlying Actions"). True copies of the Complaint filed in *Carter v. McClure, et al.*, the Second Amended Complaint filed in *Cosgrove v. McClure, et al.* and the Second Amended Complaint filed in *Coffey v. McClure, et al.* (hereinafter the "tort cases") are attached hereto as Exhibit C.

13. NIIC issued Policy No. CAD 0609923 04 to Pioneer for the period from February 10, 2011 through February 10, 2012 (the "NIIC Policy"). A true copy of said policy is attached hereto as Exhibit D. The Commercial Auto Coverage Part of the NIIC Policy affords per accident liability limits of $5 million and specifies symbol 7 for "covered autos" with respect liability coverage.

14. Nova issued Policy No. NEC-CL-0010152-0 to Four Seasons for the period from July 18, 2011 through July 18, 2012. A true copy of said policy is attached hereto as Exhibit E. The Commercial Auto Coverage Part of the Nova Policy affords per accident liability limits of $5 million and specifies Symbols 7, 8, and 9 for "covered autos" with respect liability coverage.

15. The NIIC and NOVA Policies both use basic form CA 00 01 03 10, which provides, in pertinent part, as follows:

> **Symbol 7** – Specifically Described "Autos" Only – Only those autos described in item Three of the Declarations for which a premium is shown . . ..
>
> **Symbol 8** – Hired "Autos" Only – Only those "autos" you lease, hire or borrow. . .
>
> \* \* \*
>
> **SECTION II – LIABILITY COVERAGE**
>
> **A. Coverage**

- 3 -

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

\* \* \*

We will have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". . . .

1. **Who Is An Insured**
   The following are "insureds":

   a. You for any covered "auto".

   b. Anyone else using with your permission a covered "auto" you own, hire or borrow . . ..

   c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

\* \* \*

**SECTION IV BUSINESS AUTO CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions.

\* \* \*

5. **Other Insurance**

   a. For any covered "auto" you own, this coverage form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this coverage form is excess over any other collectible insurance. . . .

   b. For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

- 4 -

    c. Regardless of the provisions of Paragraph **a.** above, this coverage form's Liability Coverage is primary for any liability assumed under an "insured contract".

    d. When this coverage form and any other coverage form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our coverage form bears to the total of the limits of all the coverage forms and policies covering on the same basis.

16. NIIC also issued policy no. EXD 0609923 04 to Pioneer for the period from February 10, 2011 through February 10, 2012 (the NIIC Excess Policy"). A true copy of the NIIC Excess Policy is attached hereto as Exhibit F. The Excess Policy uses basic form 2104 (03/91), which provides, in pertinent part, as follows:

> The word **"insured"** means any person or organization qualifying as such under the provisions of Section II of this policy.
>
>     \*    \*    \*
>
> **SECTION II – WHO IS AN INSURED**
>
> 1. **You,** if **your** name is shown in Item 1 of the Declarations of this policy or an **Underlying Policy.** If you are designated in the Declarations as: …
>
>     \*    \*    \*
>
>     c. An organization other than a partnership or joint venture, **you** are an **insured. Your** executive officers and directors are **insureds,** but only with respect to their duties as **your** officers or directors. **Your** stockholders are also **insureds,** but only with respect to their liability as stockholders.
>
>     \*    \*    \*

### SECTION IV – CONDITIONS

> This insurance is excess over any other valid and collectible insurance whether primary, excess, contingent or any other basis, except other insurance written specifically to be excess over this insurance.

### COUNT I – DECLARATORY JUDGMENT

17. NIIC restates paragraphs 1-16 above and incorporates them herein by reference.

18. Four Seasons leased the Bus from Pioneer such that the Bus is a "covered auto" under the Nova Policy.

19. McClure is an "insured" within the meaning of the Nova Policy with respect to the claims asserted against him in the Underlying Actions because, at the time of the Accident, McClure was using the Bus with the permission of Four Seasons.

20. Pioneer is an "insured" within the meaning of the Nova Policy because the Plaintiffs in the Underlying Actions have asserted vicarious liability claims against Pioneer arising from McClure's alleged negligence.

21. McClure and Pioneer are also "insureds" under the NIIC Policy.

22. Neither McClure, Pioneer nor Four Seasons owned the Bus such that, pursuant to the "other insurance" clauses set forth in the NIIC and Nova Policies, each policy purports to be excess of the other policy for purposes of the coverage afforded to Pioneer and McClure.

23. Tennessee Code Annotated § 56-7-1101(c), "Priority and Applicability of Coverages," provides as follows:

> (c) When a claim arises out of the operation of a motor vehicle that is leased under a written lease agreement, and pursuant to which agreement the lessee provides coverage

for the vehicle, then any other coverage that may be available for the vehicle through the lessor is not applicable unless and until the limits of all coverage provided by the lessee for the vehicle first are exhausted.

24. Pursuant to TSA § 56-7-1101(c), Nova owes the sole primary duty to defend and indemnify Pioneer and McClure under the terms of the Nova Policy because, pursuant to the Sublease, Four Seasons agreed to provide insurance in compliance with state and federal laws.

25. NIIC owes no duty to defend and indemnify Pioneer and McClure under NIIC Policy unless and until the $5 million limits of coverage afforded under the Nova Policy are exhausted.

26. An actual controversy exists between the parties which would be resolved by this Court's declarations of the rights of the parties.

WHEREFORE, NIIC requests that the Court:

a. Declare that the Nova Policy alone affords primary coverage such that Nova must defend Pioneer and McClure against all claims and allegations asserted in the Underlying Actions and any subsequent claims or cases arising out of the Accident which may be filed, and indemnify Pioneer and McClure up to the per accident liability limits of coverage afforded under the Nova Policy;

b. Declare that the NIIC Policy affords excess coverage such that NIIC owes no duty to defend and indemnify Pioneer and McClure unless and until the limits of coverage afforded under the Nova Policy are exhausted.

c. Declare that Nova owes a duty to reimburse reasonable attorney's fees, costs and expenses incurred by NIIC in the defense of Pioneer and McClure; and

d.      Award such other relief as the Court deems right and just.

## COUNT II - DECLARATORY JUDGMENT AS TO
## EXCESS POLICY (IN THE ALTERNATIVE)

27.     NIIC restates paragraphs 1-26 above and incorporates them herein by reference.

28.     NIIC alternatively seeks a declaration that, if the NIIC Policy is deemed to alone afford primary coverage as between the NIIC and Nova Policies for the claims and allegations asserted against Pioneer and McClure in the Underlying Actions, the Nova Policy alone affords coverage to McClure upon the exhaustion of coverage afforded under the NIIC Policy because McClure does not qualify as an "insured," as that term is used and defined, in the NIIC Excess Policy.

29.     In addition, the "other insurance" provision set forth in the NIIC Excess Policy establishes that the coverage, if any, afforded under the NIIC Excess Policy is excess to any other coverage available to Pioneer and McClure except such coverage that is specifically written in excess of the NIIC Excess Policy.

30.     NIIC alternatively also seeks a declaration that, if the NIIC Policy is deemed to alone afford primary coverage as between the NIIC and Nova Policies for the claims and allegations asserted against Pioneer and McClure in the Underlying Actions, the coverage afforded under the NIIC Excess Policy is excess to the coverage afforded under the Nova Policy.

31.     An actual controversy exists between the parties which would be resolved by this Court's declarations of the rights of the parties.

WHEREFORE, in the alternative if Count I is resolved in favor of Nova, NIIC requests that the Court:

a. Declare that the Nova Policy affords coverage to McClure for the claims and allegations asserted in the Underlying Actions upon the exhaustion of coverage afforded under the NIIC Policy because McClure does not qualify as an "insured" under the NIIC Excess Policy

b. Declare that the coverage afforded under the NIIC Excess Policy for the claims and allegations asserted in the Underlying Actions is excess to the coverage afforded under the Nova Policy; and

c. Award such other relief as the Court deems right and just.

Respectfully submitted,

Howard, Tate, Sowell, Wilson, Leathers & Johnson, PLLC

Alan M. Sowell, Esquire
Howard, Tate, Sowell, Leathers &
Johnson, PLLC
201 Fourth Avenue North, Suite 1900
Nashville, TN 37219
(615) 256-1125
asowell@howardtatelaw.com
*Attorneys for National Interstate Insurance Company*