UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NATIONAL INTERSTATE INSURANCE COMPANY,<br><br>Plaintiff<br><br>v.<br><br>NOVA CASUALTY COMPANY,<br><br>Defendant | No. 3:14-1327<br>Judge Nixon/Brown |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is **adopted**.

A. **JURISDICTION**: The Court has jurisdiction pursuant to 28 U.S.C. § 2201(a) and 28 U.S.C. § 1332.

B. **BRIEF THEORIES OF THE PARTIES**:

1) PLAINTIFF: This declaratory judgment action stems from an automobile collision which occurred in Illinois on August 11, 2011 involving the use of a leased bus.

Pioneer Coach, Inc. ("Pioneer") leased the bus from the owner and then subleased the bus to Four Seasons Coach Leasing, Inc. ("Four Seasons"). Four Seasons then entered into a sub-sublease of the bus with Miranda Rolls, Inc. At the time of the collision, the bus was in the possession of Four Seasons or its sub-lessee.

Plaintiff National Interstate Insurance Company ("NIIC") insured Pioneer on a primary basis with limits of $5,000,000.00. Defendant Nova insured Four Seasons on a primary basis with limits of $5,000,000.00. NIIC also insured Pioneer through an excess policy.

Plaintiff NIIC asserts, pursuant to T.C.A. § 56-7-1101(c), that Nova owes the sole primary duty to defend and indemnify Pioneer and the bus driver under the terms of the Nova policy because Nova's insured agreed to provide insurance in compliance with state and federal laws.

NIIC also asserts, in the alternative, that if the NIIC policy is deemed to alone afford primary coverage, the Nova policy alone affords coverage upon the exhaustion of NIIC's primary coverage, such that the NIIC excess policy is excess to the Nova primary policy.

2) DEFENDANT: Defendant Nova has answered Plaintiff's Complaint and counterclaimed for declaratory judgment and monetary relief with regard to coverage under the Nova and NIIC policies. At the time of the motor vehicle accident, the Bus was being driven by Pioneer's employee. Four Seasons did not agree to provide insurance coverage for the Bus in the Pioneer/Four Seasons Agreement. NIIC's policy is primary because the agreement between Pioneer and the owner is an "insured contract" and because Pioneer, Four Seasons and the driver have valid and collectible insurance through the NIIC Policy. Further, Pioneer has valid and collectible insurance through the NIIC Excess Policy as well. Nova's coverage, if any, is excess to that provided by NIIC.

Defendant Nova further asserts, pursuant to T.C.A. § 56-7-1101(a)(1) that NIIC owes the sole primary duty to defend and indemnify Pioneer and the bus driver under the terms of the NIIC policy because NIIC provides insurance coverage for the owner of the Bus as an additional insured. Nova seeks attorney's fees and costs it has already incurred in the defense of Four Seasons in the underlying lawsuits.

C. **ISSUES RESOLVED:** Jurisdiction and venue.

D. **ISSUES STILL IN DISPUTE:** The priority of coverage between the respective policies.

E. **INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **September 15, 2014**.

F. **DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before **November 21, 2014**. Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 33.01(b) is expanded to allow **40** interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Magistrate Judge Brown.

G. **MOTIONS TO AMEND:** The parties shall file all motions to amend on or before **October 31, 2014**.

H. **DISCLOSURE OF EXPERTS:** Experts are not anticipated.

I. **JOINT MEDIATION REPORT:** The parties shall file a Joint Mediation Report on or before **September 1, 2014**.

J. **DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before **December 19, 2014**. Responses to dispositive motions shall be filed within **28 days** after service. Briefs shall not exceed **25 pages** without leave of Court. Optional replies, limited to **five pages**, shall be filed within **14 days** after service of the response. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

K. **ELECTRONIC DISCOVERY**: The parties have reached agreements on how to conduct electronic discovery. Thus, the default standard contained in Administrative Order No. 174 need not apply to this case.

L. **ALTERNATIVE DISPUTE RESOLUTION (ADR)**: At the current time, the parties do not know whether ADR would be appropriate. In the event the parties determine ADR is appropriate, the parties will report on the use of ADR by **October 15, 2014**.

M. **CONSENT TO TRIAL BEFORE THE MAGISTRATE JUDGE**: The parties at the present time do not consent to trial before the Magistrate Judge.

N. **SUBSEQUENT CASE MANAGEMENT CONFERENCE**: A telephone conference with Magistrate Judge Brown to discuss case progress and alternative dispute resolution is set for **January 20, 2015, at 10:00 a.m. To participate in the conference call, parties will call 877-873-8017 and enter Code 1958322# at the scheduled time.** A joint statement of any unresolved issues must be submitted at least **one full business day** prior to the conference call.

O. **TRIAL**: The parties estimate that this Bench trial will take two to three days, depending on what issues remain for trial. After consulting with Judge Nixon's courtroom deputy, this matter is set for trial on **May 19, 2015, at 9:00 a.m.** Judge Nixon will conduct the final pretrial conference on **May 8, 2015, at 10:00 a.m.** Judge Nixon will issue a separate order covering his requirements for the final pretrial conference order.

It is so **ORDERED**.

                                        /s/    Joe B. Brown
                                    Joe B. Brown
                                    United States Magistrate Judge